UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **REGINALD LIGHT,**  Plaintiff,  vs.  **JODI DEANGELO, ET AL.,**  Defendants. | 2:21-CV-13013-TGB-APP  **OPINION AND ORDER OF SUMMARY DISMISSAL** |

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Reginald Light is incarcerated at the Woodland Center Correctional Facility in Whitmore Lake, Michigan. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration of the complaint, the Court will dismiss the case.

## I. BACKGROUND

Plaintiff names three defendants, all of whom were employed at the Ryan Correctional Facility ("RCF") in Detroit during the events giving rise to this complaint: Jodi DeAngelo (Warden), Christine White (Assistant Resident Unit Supervisor), and G. Smith (Resident Unit

1

Officer). Plaintiff's claims arise from a fall he sustained on June 9, 2020, while he was incarcerated at RCF. He states that, on that date, he slipped and fell while leaving the shower area, hurting his neck, wrist and back. ECF No. 1, PageID.4. He claims that he previously notified Defendants about unsafe conditions within the shower areas. Plaintiff alleges that defendants nevertheless "negligently and willfully permit[ed] a hazardous condition to exist by not providing any floor mats or handrails after plaintiff had written kites" complaining about the conditions. *Id.* The Defendants, Plaintiff argues, acted with deliberate indifference in violation of the Eighth Amendment by failing to correct this hazardous condition. He also claims that they failed to provide him "with adequate medical attention for five months following his fall." *Id.* He seeks monetary and injunctive relief.

## II. STANDARD OF REVIEW

The Court granted Plaintiff permission to proceed without prepaying the fees or costs for this action. ECF No. 8. The Court is required to screen a pro se prisoner's complaint and to dismiss the complaint if it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. A complaint "does not need detailed factual allegations," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint is legally frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### III. ANALYSIS

Plaintiff argues that defendants violated his rights under the Eighth Amendment by failing to remedy a hazardous shower area and, after he was injured, by failing to provide timely medical care.

"[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted). To succeed on an Eighth Amendment claim, a prisoner must establish two elements, one objective and one subjective.

3

*See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, "the deprivation alleged must be, objectively, sufficiently serious" such that the prison official's act or omission constitutes a "denial of the minimal civilized measures of life's necessities." *Id.* (internal quotation marks omitted). Second, the "prison official must have a sufficiently culpable state of mind." *Id.* The subjective component requires the plaintiff to "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

### A. Conditions in the shower area

Plaintiff's claim that Defendants failed to address dangerous conditions in the shower area fails to satisfy the objective prong. "[F]ederal courts have nearly unanimously held that a slip and fall, without more, does not amount to cruel and unusual punishment." *Lamb v. Howe*, 677 Fed. App'x 204, 208 (6th Cir. 2017) (citation and quotation omitted); *Pyles v. Fahim*, 771 F.3d 403, 410-11 (7th Cir. 2014) (collecting cases) ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement."); *Coleman v. Sweetin*, 745 F.3d 756, 764-65 (5th Cir. 2014) (allegation of multiple falls in prison shower by inmate using crutches does not avoid general rule that prison slip and

4

fall incidents are not constitutional violations).

Indeed, while a slippery shower floor may present a potential hazard, it is "a daily risk faced by members of the public at large." *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004). The risk of harm to Plaintiff was not sufficiently serious so as to elevate his claim from one of mere negligence to one of constitutional dimension. Instead, the remedy for his injury, if any, "must be sought in state court under traditional tort law principles." *Id.*

Thus, Plaintiff has failed to satisfy the objective component of his Eighth Amendment claim because he has not shown the wet shower area presented a "sufficiently serious" risk, such that "he [wa]s incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Because Plaintiff has failed to satisfy the objective requirement, the Court need not reach the subjective component.

**B. Post-fall medical treatment**

Plaintiff also alleges that Defendants were deliberately indifferent to his medical needs because they "fail[ed] to provide [him] with timely and adequate medical attention or medication following his injury." (ECF No. 1, PageID.5.) Basic pleading requirements dictate that a plaintiff must attribute factual allegations to particular defendants. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give

5

a defendant fair notice of the claim); Fed. R. Civ. P. 8(a). A complaint must allege each defendant's personal involvement with the alleged violation of federal rights. *See Frazier v. Michigan*, 41 Fed. App'x 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 200 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant). "[C]laims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). Plaintiff's conclusory allegation, which does not attribute specific actions or failures to any specific Defendants, fails to satisfy the notice-pleading requirement.

Further, to the extent that Plaintiff's failure-to-treat claim is based upon Defendants' roles as supervisors, he fails to state a claim. The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v.*

*Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ." *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982). In this case, Plaintiff fails to allege any specific conduct by any Defendant that would support a finding that any Defendant directly participated in, encouraged, or implicitly authorized or approved the alleged unconstitutional conduct.

## CONCLUSION

Plaintiff's complaint fails to state a plausible claim for which relief may be granted. Accordingly, the Court will dismiss the Complaint under 28 U.S.C. § 1915(e)(2)(B). The Court also certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 4th day of August, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge